UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE – OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 6:04-cr-60025 |
| | CIVIL ACTION NO. 6:09-cv-00272 |
| VERSUS | JUDGE DOHERTY |
| LARRY PAUL PELTIER | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

(Rec. Doc. 55)

Pending before this Court is Larry Paul Peltier's *pro se* motion, brought pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence (Rec. Doc. 55).   This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  The respondent was served and has filed an answer as well as a memorandum in response to the motion.  For the following reasons, it is recommended that the motion be DENIED.

**Factual Background**

In 1991, Peltier was convicted of distribution of cocaine and sentenced to ten years at hard labor.[1]  Later that same year, he was convicted of simple burglary and sentenced to two years at hard labor.[2]  In 1998, he was convicted of second degree battery and sentenced to six months in the parish jail.[3]

On June 5, 2003, agents with Lafayette Metro Narcotics executed a search warrant at Peltier's residence.  During the search, the agents found cocaine residue and a Winchester Model 1400 12-gauge shotgun.[4]  Peltier admitted that, although he knew he was a convicted felon and therefore prohibited from possessing firearms, he possessed the shotgun for his personal protection.[5]  The shotgun was manufactured either in Connecticut or Japan and, therefore, traveled in interstate commerce before Peltier possessed it in Louisiana.[6]

On March 11, 2004, Peltier was charged in a two-count indictment with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1)

---

[1]     Rec. Doc. 28 at 1.

[2]     Rec. Doc. 28 at 1.

[3]     Rec. Doc. 28 at 1.

[4]     Rec. Doc. 28 at 1.

[5]     Rec. Doc. 28 at 1.

[6]     Rec. Doc. 28 at 2.

(Count 1), and with forfeiture pursuant to 18 U.S.C. § 924(d)(1) (Count 2).[7]  Valerie Gotch Garrett was appointed to represent him.[8]

On August 30, 2004, Peltier pleaded guilty to Count 1 of the indictment, signing a written plea agreement.[9]  In connection with his plea, Peltier also signed a "stipulated factual basis for guilty plea,"[10] an "affidavit of understanding of maximum penalty and Constitutional rights,"[11] a statement of the elements of the offense to which he pled,[12] and a written agreement to abandon the shotgun.[13]

On October 14, 2004, a Pre-Sentence Investigation Report ("PSR") was issued. The base offense level was 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(A), which governs violations of 18 U.S.C. § 922(g)(1) in cases in which the defendant committed the instant offense after being convicted of a controlled substance offense.  After three levels were subtracted for Peltier's timely acceptance of responsibility, the offense level was 17.

---

[7]     Rec. Doc. 1.

[8]     Rec. Doc. 14.

[9]     Rec. Doc. 26.

[10]    Rec. Doc. 28.

[11]    Rec. Doc. 27.

[12]    Rec. Doc. 29.

[13]    Rec. Doc. 30.

Peltier was assessed a total of ten points for numerous prior felony and misdemeanor criminal convictions, which resulted in a Criminal History Category of V.  Peltier's offense level of 17 and his Criminal History Category V correlated to a suggested guideline range of 46 to 57 months imprisonment.[14]  Neither Peltier nor the United States objected to the PSR.[15]

Peltier was sentenced on April 1, 2005.  After permitting Peltier's counsel to speak in mitigation of sentence, the district court announced that it would deviate upward from the advisory range in light of the court's conclusion that the range "[did] not adequately address the very true and real concerns this Court has about Mr. Peltier [and] the policies and the factors reflected in 18 U.S.C. § 3553(a)."[16]  After detailing fact-specific reasons for the sentence, the district court sentenced Peltier to 120 months incarceration to be followed by three years supervised release.[17]

---

[14]     Transcript of sentencing hearing at 4.

[15]     Transcript of sentencing hearing at 3.

[16]     Transcript of sentencing hearing at 8-9.

[17]     Transcript of sentencing hearing at 12.

On April 12, 2005, the Court issued written reasons for the sentence,[18] indicating that the sentence was "[i]mposed based on [the] defendant's extensive criminal history... and a continuing pattern of violence."[19]

In October 2005, Valerie Garret, who continued to represent Peltier on appeal, filed an *Anders* brief and a motion to withdraw as counsel of record.[20]   In March 2006, the Fifth Circuit Court of Appeals denied without prejudice Ms. Garrett's motion to withdraw and ordered that a transcript of the rearraignment proceeding be obtained for inclusion in the record.[21]   The Fifth Circuit also ordered Ms. Garrett to submit either a renewed motion for leave to withdraw with a supplemental *Anders* brief addressing the validity of Peltier's guilty plea proceedings or, if a nonfrivolous issue was discovered, a brief on the merits.  In August 2006, Ms. Garrett filed a motion to withdraw and a supplemental *Anders* brief.[22]  In October 2006, Peltier filed his own *pro se Anders* brief.[23]

---

[18]      Rec. Doc. 52.

[19]      Rec. Doc. 52 at 4.

[20]      Rec. Doc. 57-2 at 4.

[21]      Rec. Doc. 57-2 at 5.

[22]      Rec. Doc. 57-2 at 5.

[23]      Rec. Doc. 57-2 at 5.

In January 2007, the Fifth Circuit ordered Ms. Garrett to show cause why she should not be sanctioned for failing to comply with its March 2006 order, and the *Anders* brief was denied because the Fifth Circuit found that there were nonfrivolous issues for appeal.[24]  Ms. Garrett was relieved as Peltier's counsel, and a briefing order directed to Peltier's substitute counsel was issued.[25]  Rebecca L. Hudsmith enrolled as Peltier's counsel[26] who filed a brief in which she addressed the issues identified by the Fifth Circuit and expressly raised the issue of the reasonableness of Peltier's sentence.[27]  The Fifth Circuit Court of Appeals affirmed Peltier's sentence.[28]  The United States Supreme Court denied his writ application.[29]  He then filed this motion pursuant to 28 U.S.C. § 2255.

---

[24]     Rec. Doc. 57-2 at 6.

[25]     Rec. Doc. 57-2 at 6.

[26]     Rec. Doc. 57-2 at 6.

[27]     Rec. Doc. 57-3.

[28]     Rec. Doc. 54, reported at *United States v. Peltier*, 505 F.3d 389 (5th Cir. 2007).

[29]     *Peltier v. United States*, 128 S.Ct. 2929 (2008).

## Analysis

Peltier now seeks to vacate, set aside, or correct his sentence, arguing that he received ineffective assistance from both his trial counsel and his appellate counsel, which resulted in an unreasonably long sentence.

The Sixth Amendment guarantees criminal defendants the "right to effective assistance of counsel at every critical stage of the proceedings against them."[30]  When a defendant collaterally attacks his conviction or sentence based on the effectiveness of his counsel, he has the burden of proving by a preponderance of the evidence that his constitutional rights have been violated.[31]  The right to effective counsel "is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense."[32]  Ineffective assistance of counsel claims are reviewed under a two-pronged test established by the United States Supreme Court.

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) that his attorney's representation was deficient because it fell below an objective standard of reasonableness; and (2) that the attorney's deficient

---

[30]     *Burdine v. Johnson*, 262 F.3d 336, 344 (5th Cir. 2001).

[31]     *Johnson v. Zerbst*, 304 U.S. 458, 469 (1938); *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995); *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976).

[32]     *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003).

performance prejudiced the defendant.[33]  This is the two-part test articulated by the United States Supreme Court in *Strickland v. Washington.*  The defendant bears the burden of establishing both prongs of the test, and failure to establish either prong is fatal to the claim.[34]  The parts of the test need not be analyzed in any particular order, and there is no need to consider the remaining part once an insufficient showing has been made concerning the other one.[35]

In analyzing the professional competence part of the test, judicial scrutiny of an attorney's performance must be "highly deferential," and the court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's alleged conduct, and to evaluate the conduct from counsel's perspective at the time."[36]  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[37]

To satisfy the prejudice part of the test, the defendant must demonstrate that his attorney's actions or inactions were "so serious as to render the proceedings

---

[33]    *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  See, also, *United States v. Franks*, 230 F.3d 811, 813 (5th Cir. 2000); *United States v. Garcia*, 77 F.3d 857, 859 (5th Cir. 1996).

[34]    *United States v. Franks*, 230 F.3d at 813; *Tucker v. Washington*, 115 F.3d 276, 280 (5th Cir. 1997).

[35]    *Goodwin v. Johnson*, 132 F.3d 162, 173 at n. 6 (5th Cir. 1998).

[36]    *Strickland v. Washington*, 466 U.S. at 689.

[37]    *Strickland v. Washington*, 466 U.S. at 689.

unreliable and fundamentally unfair."[38]  "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error did not prejudice the defense."[39]  Prejudice is demonstrated only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."[40]  Thus, to establish prejudice due to his trial counsel's alleged ineffectiveness, Peltier must show a reasonable probability that his sentence would have been shorter had his counsel been effective.[41] To establish prejudice due to his appellate counsel's alleged ineffectiveness, Peltier must show a reasonable probability that he would have prevailed on his appeal had his appellate counsel raised the issues he claims were omitted.[42]

In this case, Peltier first argues that he was denied effective assistance of counsel because his trial counsel failed to object to his sentence and because his guilty plea was induced by his trial counsel's guarantee of a shorter sentence.  Peltier

---

[38]    *United States v. Patten*, 40 F.3d 774, 777 (5th Cir. 1994).  See, also, *United States v. Saenz-Forero*, 27 F.3d 1016, 1021 (5th Cir. 1994), citing *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

[39]    *Ricalday v. Procunier*, 736 F.2d 203, 208 (5th Cir. 1984).

[40]    *Strickland v. Washington*, 466 U.S. at 694.

[41]    *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004).

[42]    *Smith v. Robbins*, 528 U.S. 259, 285-87 (2000).

-9-

next argues that his original appellate counsel was ineffective in filing an inappropriate *Anders* brief.  Finally, Peltier argues that his second appellate counsel was ineffective for failing to raise on appeal that his trial counsel was ineffective. Keeping the foregoing principles in mind, each of Peltier's four alleged grounds for his ineffectiveness of counsel claims will be analyzed in turn.

### Issue One

In Issue One, Peltier argues that he lacked effective assistance of counsel at trial because his counsel failed to object, at sentencing, to an allegedly unreasonable sentence.  It is an undisputed fact that Peltier's trial counsel did not object to the sentence.[43]  She did, however, argue in mitigation of his sentence,[44] in favor of an extensive drug rehabilitation program,[45] and in favor of Mr. Peltier's release to a halfway house.[46]  Furthermore, Peltier must prove that he was prejudiced.[47]   A

---

[43]    See transcript of sentencing hearing.

[44]    Transcript of sentencing hearing at 5-8.

[45]    Transcript of sentencing hearing at 12.

[46]    Transcript of sentencing hearing at 7.

[47]    See, e.g., *James v. Cain*, 56 F.3d at 667.

petitioner's allegations of ineffective assistance of counsel must be supported by the record,[48] and bald, conclusory allegations are insufficient.[49]

In this case, there are two reasons why Peltier's complaint about the length of his sentence lacks merit.

First, it is well settled in the Fifth Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in a subsequent § 2255 motion.[50] In his direct appeal, Peltier argued that his sentence was unreasonably long.[51] The Fifth Circuit evaluated the sentence under a plain error standard and affirmed the sentence.[52] Because the Fifth Circuit has already affirmed Peltier's sentence, the length of the sentence should not be relitigated in connection with Peltier's § 2255 petition.

Second, Peltier argues that, if his attorney had objected to the length of the sentence, the Fifth Circuit would have applied a different, more lenient standard of

---

[48]     *United States v. Johnson*, 679 F.2d 54, 58 (5th Cir. 1982).

[49]     *United States v. Demik*, 489 F.3d 644, 646-47 (5th Cir. 2007); *Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001); *United States v. Flores*, 135 F.3d 1000, 1006-07 (5th Cir. 1998).

[50]     *United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004); *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986); *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980).

[51]     *United States v. Peltier*, 505 F.3d 390.

[52]     *United States v. Peltier*, 505 F.3d at 390.

review on appeal.  Under any standard of review, however, the sentence would have been affirmed.

The Fifth Circuit explained that, had Peltier's counsel objected to the sentence, it would have reviewed the sentence for unreasonableness and applied an abuse of discretion standard of review to the reasonableness inquiry.[53]  Because there was no objection to the sentence, however, the Fifth Circuit applied the plain error standard, which has three parts.  There must be error, the error must be plain, and the error must affect substantial rights.[54]  The Fifth Circuit explained that an unreasonable sentence equates to a finding of error.[55]  Thus, the first step in the plain error standard is an evaluation of the  reasonableness of the sentence.

The Fifth Circuit then explained that a sentence is unreasonable if it (1) does not account for a factor the should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors.[56]  The Fifth Circuit then worked its way through these factors, rejecting Peltier's claim that the district court gave

---

[53]     *United States v. Peltier*, 505 F.3d at 391.

[54]     *United States v. Peltier*, 505 F.3d at 392.

[55]     *United States v. Peltier*, 505 F.3d at 392.

[56]     *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

insufficient weight to the applicable guidelines range and to the need to avoid unwarranted disparity in sentencing,[57] rejecting his claim that the district court gave significant weight to the improper factor of his socioeconomic status,[58] and rejecting his claim that the district court erred in balancing the appropriate factors.[59]  In light of this discussion, it is clear that the Fifth Circuit would have found that the sentence was reasonable and would have affirmed the sentence had the reasonableness standard of review been applied on appeal.  Consequently, the failure of Peltier's attorney to object to the sentence when it was imposed did not prejudice the defendant.  Absent a showing prejudice, this claim lacks merit.

### Issue Two

In Issue Two, Peltier argues that he was denied effective assistance of counsel because his appellate counsel allegedly failed to raise, on direct appeal, the alleged ineffectiveness of his trial counsel.  The general rule in the Fifth Circuit, however, is

---

[57]     *United States v. Peltier*, 505 F.3d at 392-393.

[58]     *United States v. Peltier*, 505 F.3d at 393-394.

[59]     *United States v. Peltier*, 505 F.3d at 394.

-13-

that ineffective assistance of counsel claims cannot be raised on direct appeal if not first raised in the trial court.[60]

The Constitution does not require an appellate attorney to advance every conceivable argument, regardless of merit.[61]  Instead, appellate counsel is required to raise and brief only those issues that counsel believes, in the exercise of professional judgment, to have the best chance of success.[62]  Although appellate counsel should certainly assert all "solid, meritorious arguments," counsel has no obligation to raise every potential basis for appeal.[63]  "On appeal, effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available. Rather, it means, as it does at trial, counsel performing in a reasonably effective manner."[64]  Similarly, an attorney's failure to raise a meritless argument cannot form the basis of a successful ineffective assistance of counsel claim because assertion of

---

[60]      See, e.g., *United States v. Gulley*, 526 F.3d 809, 821 (5th Cir. 2008); *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006); *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).

[61]      *Evitts v. Lucey*, 469 U.S. 387, 394 (1985).

[62]      See, e.g., *Willingham v. Cockrell*, 61 Fed. App'x 918 (5th Cir. 2003), citing *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983).

[63]      *United States v. Williamson*, 183 F.3d 458, 462-463 (5th Cir. 1999).

[64]      *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998) (internal citation omitted).

the claim would not change the result of the proceeding.[65]  Thus, deciding not to assert a Constitutional violation on appeal when the issue was affirmatively waived at trial is a sound professional judgment, particularly with regard to the ineffectiveness of trial counsel issue since the Fifth Circuit generally declines to hear such claims on direct appeal.  Therefore, the undersigned finds that Peltier's appellate counsel was not ineffective for failing to raise the issue of his trial counsel's alleged ineffectiveness at the time of the direct appeal.  This claim lacks merit.

**Issue Three**

In Issue Three, Peltier argues that he was denied effective assistance of counsel because his original appellate counsel allegedly filed a defective *Anders* brief. Peltier's trial counsel initially continued on as his appellate counsel.  She filed an *Anders* brief, which the Fifth Circuit required her to supplement.  The Fifth Circuit then found the supplemental brief insufficient, and relieved Ms. Garrett as Peltier's counsel of record and required another lawyer to replace her.  Peltier's new appellate counsel then filed a brief addressing all of the issues that the Fifth Circuit had determined to be relevant.[66]

---

[65]        *United States v. Kimler*, 167 F.3d 889, 893 (5ᵗʰ Cir. 1999).  See, also, *Evitts v. Lucey*, 469 U.S. at 394.

[66]        A copy of this brief is found in the record at Rec. Doc. 57-3.

Peltier cannot demonstrate that he was prejudiced by the ineffectiveness, if any, of his first appellate attorney.  An adequate brief was filed with the Fifth Circuit by his second appellate attorney, and the Fifth Circuit considered the issues presented in that brief in ruling on Peltier's appeal.  Consequently, any shortcomings on the part of his first appellate counsel were remedied when other counsel substituted in and advocated on Peltier's behalf before the appellate court.

Because Peltier was not prejudiced by his first appellate counsel, this issue lacks merit.

**Issue Four**

It is undisputed that, on August 30, 2004, Peltier pleaded guilty to Count 1 of the indictment.[67]  "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea and any concomitant agreement will be upheld on federal review."[68]  In Issue Four, however, Peltier argues that he was denied

---

[67]     Rec. Doc. 26.

[68]     *Deville v. Whitley*, 21 F.3d 654, 656 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 436 (1994), quoting *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980), *modified on other grounds*, 646 F.2d 902 (5th Cir.), *cert. denied*, 454 U.S. 840 (1981).

effective assistance of counsel at sentencing because his guilty plea was induced by his counsel's guarantee of an eighteen month sentence in a halfway house.[69]

By entering a voluntary guilty plea, a defendant waives all nonjurisdictional defects in the proceedings, including claims of ineffective assistance of counsel except to the extent that his counsel's ineffectiveness allegedly rendered the guilty plea involuntary.[70]  Because the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel, Peltier must prove both that his trial counsel's performance was objectively unreasonable when measured against prevailing professional norms and also that he was prejudiced by his trial counsel's actions or omissions.[71]  In order to prove that he was prejudiced by the alleged ineffectiveness of his trial counsel with regard to his entry of guilty plea, a *habeas* petitioner such as Peltier must demonstrate that there is a reasonable probability that, but for his trial counsel's errors, he would not have pleaded guilty and would, instead, have insisted on going to trial.[72]

---

[69]     Rec. Doc. 55-1 at 8.

[70]     *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000), citing *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991).

[71]     *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

[72]     *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008); *Bond v. Dretke*, 384 F.3d 166, 167-68 (5th Cir. 2004); *Hill v. Lockhart*, 474 U.S. at 59.

A defendant's mere understanding that he would receive a lesser sentence in exchange for a guilty plea will not abrogate that plea if a heavier sentence is actually imposed.[73]  Instead, to prevail on a claim that his guilty plea was not voluntary, Peltier must prove that an actual promise was made by showing:  first, the exact terms of the alleged promise; second, exactly when, where, and by whom such a promise was made; and third, the precise identity of any eyewitness to the promise.[74]  In this case, no such evidence has been presented.  To the contrary, Peltier has merely asserted – without any supporting evidence whatsoever – that his trial counsel promised him a halfway house sentence.  There is nothing in the record to substantiate or corroborate that claim.

On August 30, 2004, Peltier appeared in court, pleaded guilty,[75] and affirmed that his plea was voluntary.[76]  He also affirmed that he was satisfied with the legal counsel he was receiving from Ms. Garrett,[77] and he affirmed that he understood his

---

[73]     *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989).

[74]     *DeVille v. Whitley*, 21 F.3d at 658, citing *Smith v. McCotter*, 786 F.2d 697, 701 (5th Cir. 1986).

[75]     Transcript of plea hearing at 24.

[76]     Transcript of plea hearing at 15, 20-21.

[77]     Transcript of plea hearing at 5-6.

-18-

sentence might be more severe than that recommended or requested.[78]  Perhaps most

important, the following colloquy occurred:

> THE COURT:      All right.  Now has anyone made any
> promises other than those contained in the plea agreement
> that's causing you to plead guilty today?
>
> THE DEFENDANT:      No, ma'am.
>
> \*\*\*\*\*
>
> THE COURT:      Okay.  Has anyone made any prediction,
> prophecy, or promise to you as to what your sentence
> actually will be?
>
> THE DEFENDANT:      No, ma'am.[79]

When a defendant appears in open court and engages in a plea colloquy with

the court, the defendant's attestations regarding voluntariness are not an absolute bar

to his later asserting a claim that the plea was coerced, but the defendant faces a

heavy burden in proving that he is entitled to relief because the testimony in open

court carries a strong presumption of verity.[80]  Peltier also signed a written plea

---

[78]      Transcript of plea hearing at 21, 22.

[79]      Transcript of plea hearing at 20-21.

[80]      *DeVille v. Whitley*, 21 F.3d at 659, citing *Blackledge v. Allison*, 431 U.S. 63, 74
(1977).

agreement[81] and an affidavit of understanding of maximum penalty.[82]   Like his

testimony in open court concerning the voluntariness of his plea, these documents

must be accorded great evidentiary weight.[83]   Both the statements made during the

plea colloquy and the signed documents support the conclusion that Peltier's plea was

voluntary.   Even when a defendant's trial counsel renders totally ineffective

assistance to a defendant entering a guilty plea, the conviction should be upheld if the

plea was voluntary.[84]   The voluntariness of a plea can be demonstrated by showing

that the defendant understood the charge and the consequences that would befall him

should he plead guilty.[85]

   In this case, the written plea agreement, the written affidavit of understanding

of maximum penalty, and the plea colloquy all support the conclusion that Peltier

voluntarily pleaded guilty.  They indicate that he understood the charges against him,

understood the consequences that might befall him, and made the plea freely.  He has

presented no evidence to support his claim that his plea was induced by his counsel's

---

[81]   Rec. Doc. 26.

[82]   Rec. Doc. 27.

[83]   *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994).

[84]   *DeVille v. Whitley*, 21 F.3d at 659, citing *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984), and *Diaz v. Martin*, 718 F.2d 1372, 1379 (5th Cir. 1983).

[85]   *DeVille v. Whitley*, 21 F.3d at 657.

promise of a shorter sentence.  Consequently, the undersigned finds that Peltier's plea was freely given, rendering any ineffective assistance of his trial counsel concerning the plea immaterial.  This issue lacks merit.

## Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Peltier's motion to vacate, set aside, or correct his sentence (Rec. Doc. 55) be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this report and recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds

of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d

1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 8th day of October, 2010.


Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)